[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ARTICULATION
I. Counts
Obviously, as only Counts Second and Third are directed against Caplan, the summary judgment is only as to them. CT Page 3881
II. Grounds
From the materials available the court found the following:
As of August 2, 1991, there remained a balance due and owing by Richard Caplan and TDC Corporation to plaintiff of $277,358.28.
Plaintiffs hold $29,984.94 in equity of the defendants in stocks, bonds, deposits and savings, and that amount is a set-off to the amount due plaintiff.
After said set-off of $29,984.94, there remains a net balance due and owing from Richard Caplan and TDC Corporation to plaintiff of $247,373.34.
There is no counterclaim to any of the above amounts.
The defendant resides at 88 Long Hill Road, Wallingford, Connecticut.
Caplan executed a certain Guaranty Agreement as found in Exhibit A attached to complaint.
Under that Guaranty, Caplan personally guaranteed to plaintiff the payment by TDC Corporation of all sums owed by TDC to plaintiff pursuant to a certain application attached to the complaint.
Under the Guaranty Caplan agreed to pay all costs or expenses, direct or indirect, incurred by plaintiff in enforcing the Guaranty, including, but not limited to, attorneys' fees, court costs, sheriff's fees and other costs of collection.
The Guaranty further provides that Caplan acknowledges that the Guaranty is being given by him as part of a commercial transaction and he waives his right to notice and hearing with respect to any prejudgment remedy which Allied, its successors and assigns may desire to use.
On July 31, 1990, demand was made by Allied upon Caplan for the payment of the $236,040.82 owed to Allied by TDC for groceries and equipment delivered and accepted, but Caplan has refused and failed to make such payment in full, which amount Allied now claims together with all interest thereon.
On or about January 22, 1986, Caplan executed a Guaranty Agreement unconditionally guaranteeing prompt payment to CT Page 3882 Allied of any and all obligations owed by TDC to Allied, a copy of which Guaranty Agreement is attached to the complaint as Exhibit B.
Said Guaranty Agreement provided that, in the event of any default of the undersigned in the the satisfaction of its liability the undersigned agrees to pay all costs of any kind that Allied may incur in enforcing its rights under said guaranty, including but not limited to reasonable attorneys' fees.
Additionally, said Guaranty Agreement stated that the undersigned acknowledges that execution thereof is a part is a commercial transaction, and hereby waives his right to notice and hearing with respect to any prejudgment remedy which Allied, its successors or assigns may desire to use.
Pursuant to said Guaranty Agreement, Allied has made demand upon Caplan for full payment of the $236,040.82, but Caplan has refused and failed to make such payment in full, which amount Allied now claims together with all interest thereon.
On or about July 13, 1989, Richard Caplan executed the Personal Guaranty and Security Agreement which is Exhibit A.
The true and genuine signature of Richard Caplan appears on the document which is Exhibit A.
Said Personal Guaranty and Security Agreement was executed as an unducement to the Allied Grocers Cooperative, Inc. to accept TDC Corporation's application for membership into the co-op.
Pursuant to said Personal Guaranty on July 31, 1990, demand was made upon Richard Caplan for the payment of $236,040.82 owed to Allied Grocers Cooperative, Inc. by TDC Corporation for groceries and equipment delivered and accepted.
Richard Caplan has refused to make payment to Allied Grocers Cooperative, Inc. pursuant to the Personal Guaranty and Security Agreement.
On or about January 22, 1986, Richard Caplan executed the Guaranty Agreement which is Exhibit B.
The true and genuine signature of Richard Caplan appears on the document which is Exhibit B.
Said Guaranty Agreement unconditionally guarantees CT Page 3883 prompt payment to Allied Grocers Cooperative, Inc. of any and all obligations owed by TDC Corporation to Allied Grocers Cooperative, Inc.
Pursuant to said Guaranty Agreement, Allied Grocers Cooperative, Inc. has made demand upon Richard Caplan for payment of $236,040.82 owed by TDC Corporation to Allied Grocers Cooperative, Inc.
Richard Caplan has failed and refused to make such payment in full to Allied Grocers Cooperative, Inc.
N. O'NEILL, JUDGE